UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JERMAUN D. WOODS,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   Case No.  7:15-cv-01514-KOB-JEO
                                 )
MICHAEL A. EDWARDS,              )
                                 )
    Defendant.                   )

## MEMORANDUM OPINION

The magistrate judge filed a report on June 17, 2016, recommending the defendant's motion for summary judgment be granted and this action dismissed with prejudice.  (Doc. 19).  The plaintiff has filed objections to the report and recommendation, which the court finds unpersuasive.  (Doc. 20). [1]

The plaintiff contends that the defendant testified falsely when he stated he first sprayed the plaintiff with mace, and only hit the plaintiff with a baton *after* plaintiff continued to resist.  (Doc. 20 at 2).  The plaintiff contends the plaintiff sprayed him with mace and then *immediately* hit him with a baton, and that the video evidence would corroborate this if the court had obtained it.  (*Id*. at 1-2).  However, this alleged issue of fact becomes immaterial when contrasted with the

---

[1] The plaintiff's objections are unsigned in violation of Rule 11 of the Federal Rules of Civil Procedure, and were submitted beyond the fourteen-day deadline imposed in the Report and Recommendation.  However, these issues are moot in light of the court's finding that the objections lack merit.

undisputed fact that the plaintiff walked toward the defendant with a clenched fist and threatened "I'll beat your weak ass." (Doc. 11-1). Even taking the plaintiff's contention as true, the remaining undisputed evidence demonstrates a need for the use of force on that occasion. Because immediate action was warranted, the Eighth Amendment is not violated when force is applied in a good faith effort to restore order. *Ort v. White*, 813 F.2d 318, 323 (11th Cir. 1987).

Furthermore, the court must consider the facts as reasonably perceived by the officers on the scene. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). In this instance, the plaintiff not only admits that he "had words" with the defendant, but he fails to directly refute the testimony of two officers that he refused the lawful order to lock down and that he threatened the defendant with physical harm. Even if it can be shown in hindsight that the full extent of the defendant's response (as alleged by the plaintiff) was not strictly necessary under the circumstances, that fact alone would not be enough to establish a constitutional claim. "The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Campbell* v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). In other words, where the use of force is needed, an unreasonable degree of force alone does not establish that the force was malicious and sadistic

for Eighth Amendment purposes.  *See McBride v. Rivers*, 170 F. App'x 648, 657 (11th Cir. 2006).  In this instance, no facts, disputed or otherwise, show that the defendant acted with the "specific intent" to maliciously or sadistically cause harm, or that his response to the plaintiff's threats was unreasonable.  *See Campbell*, 169 F.3d at 1362.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS the recommendation.  Therefore, the court finds no genuine issues of material fact, and that the Defendant is entitled to judgment as a matter of law. The court finds that the defendant's motion for summary judgment is due to be **GRANTED**.

The court will enter a separate Final Judgment.

DONE and ORDERED this 25th day of August, 2016.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE